NOT DESIGNATED FOR PUBLICATION

No. 122,505

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NGOZI NYEUSI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; RODGER WOODS, judge. Opinion filed January 22, 2021. Affirmed.

*Ngozi Nyeusi*, appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL and BUSER, JJ.

PER CURIAM: Following a bench trial, Ngozi Nyeusi was convicted of operating a motor vehicle without a valid driver's license. The district court sentenced him to 10 days in jail and imposed a $100 fine. The district court ordered the jail time suspended if Nyeusi paid the fines and costs within 180 days. Nyeusi appeals pro se. We affirm.

On appeal, Nyeusi contends the State presented insufficient evidence to convict him of operating a motor vehicle without a driver's license. He argues that "the State had to show evidence of an expired [l]icense, amongst other things, not just by the testimony

1

of the witness. In other words, [the officer] had no concrete proof other than hearsay, word of mouth and egregious motives, to uphold the charges imposed." For its part, the State counters that Nyeusi has failed to designate a record that affirmatively shows the district court erred.

Our standard of review provides:

> "'When sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.' [Citation omitted.]" *State v. Chandler,* 307 Kan. 657, 668, 414 P.3d 713 (2018).

As the party claiming an error occurred, Nyeusi has the burden of designating a record that affirmatively shows prejudicial error. Without such a record, an appellate court presumes the action of the district court was proper. See *State v. Simmons*, 307 Kan. 38, 43, 405 P.3d 1190 (2017). See also *State v. Miller*, 308 Kan. 1119, 1157, 427 P.3d 907 (2018) ("The burden is on the party making a claim of error to designate facts in the record to support that claim; without such a record, the claim of error fails.").

Nyeusi claims he was in possession of his driver's license during the bench trial and it showed an expiration date of October 3, 2023, but at the time of the offense the law enforcement officer "ignored" it. According to Nyeusi, the officer offered "no concrete proof . . . to uphold the charges he imposed." Based on these assertions, Nyeusi contends the State presented insufficient evidence to convict him.

Despite these assertions, on appeal, Nyeusi did not designate a record that supports his claim of insufficient evidence. Particularly important, the record lacks a transcript of the bench trial which could support Nyeusi's claim of insufficient evidence. Of note, the

record shows Nyeusi specifically informed the district court that he did not want to order a trial transcript for this appeal. As a result, apart from the minute sheet and journal entry from the district court, the record on appeal contains only procedural documents for this appeal. Based on this limited record, we are unable to determine whether there was insufficient evidence to convict Nyeusi of the traffic infraction.

Because Nyeusi did not meet his burden of designating a sufficient record for us to review, his claim of error fails. See *Miller*, 308 Kan. at 1157. Accordingly, we presume the judgment of the district court was proper and affirm the conviction. See *Simmons*, 307 Kan. at 43.

Affirmed.